# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,

  Plaintiff,

v.

MARK B. MOODY, *et al.*,

  Defendants.

Case No. 2:11-cv-00769-LDG (RJJ)

**ORDER**

The National Credit Union Administration brought this action alleging that Mark Moody and David Osburn breached their commercial guaranties, and breached the covenant of good faith and fair dealing in connection with the guaranties. The plaintiff moves for summary judgment against Osburn (#15), which motion he has opposed (#16). The Court will grant the motion as to the claim for breach of contract, but will deny it as to the claim for breach of the covenant of good faith and fair dealing.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro.

56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Breach of Contract

As conceded by Osburn, "[t]he underlying elements to establish the Plaintiff's breach of contract claim are not disputed." Accordingly, the Court finds Osburn is liable on the plaintiff's breach of contract claim.

Osburn argues that, beyond the principal balance owed on the promissory note ($255,000), he disputes the damages he owes for the breach of contract. Accordingly, the Court finds that Osburn is liable for the principal balance owed on the promissory note in the amount of $255,000.

Osburn asserts that he disputes the interest and late fees that have accrued from the date of the loan through August 22, 2011. The only evidence that he submits relevant to this issue is a statement, in his declaration, asserting that "it appears to" him that the amount of accrued interest is overstated by about $5,000.00. This is insufficient to raise a triable issue of fact. Accordingly, the Court finds that Osburn is liable for accrued interest and late fees of $98,528.27 as of August 22, 2011. The Court further finds that Osburn is further liable for interest accruing at the rate of $72.60 per day since August 22, 2011.

Attorney's Fees

Osburn does not dispute that, pursuant to the terms of the Commercial Guaranty, he is obligated to pay the plaintiff's attorney's fees and legal expenses incurred in connection with the enforcement of the guaranty. He asserts, however, that plaintiff has failed to submit proof that attorney's fees and costs were incurred in the enforcement of the

Commercial Guaranty. The plaintiff has, however, submitted the affidavit of its counsel that, as of August 22, 2011, it had incurred $11,005.00 in attorney's fees and $471.54 in costs "reasonably and necessarily incurred in the prosecution of Plaintiff's claims."

<u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

For several reasons, the Court concludes that the plaintiff has not met its burden of showing that it is entitled to summary judgment on its claim of breach of the implied covenant of good faith and fair dealing. First, while the plaintiff generally sought summary judgment on its claims, its memorandum in support of the motion does not address the claim for breach of the implied covenant of good faith and fair dealing. Second, the plaintiff's opposition indicates that its claim for breach of the implied covenant of good faith and fair dealing rests upon nothing more than Osburn's breach of the contract. As recognized by the plaintiff, breach of the implied covenant occurs when a party performs the contract in a manner contrary to its intent or purpose, injury another party's justifiable expectations. *See, Hilton Hotels Corp. v. Butch Lewis Prods.*, 107 Nev. 226, 233 (1991). While the plaintiff has shown that Osburn failed to perform his duty under the contract, it has not shown that he performed his duty in a manner contrary to its intent. Accordingly, the Court will deny summary judgment as to the plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

Therefore, for good cause shown,

THE COURT **ORDERS** that National Credit Union Administration Board's Motion for Summary Judgment (#15) is GRANTED in part and is DENIED in part as follows. Summary Judgment is GRANTED in favor of National Credit Union Administration Board on its First Claim for Relief (Breach of Contract). National Credit Union Administration Board is awarded damages against David L. Osburn on this claim for the principal in the amount of $255,000, accrued interest and late fees as of August 22, 2011, in the amount of $98,528.27, additional interest in the amount of $72.60 per day subsequent to August

4

22, 2011, until the outstanding balance is paid in full, attorney's fees as of August 22, 2011, in the amount of $11,005.00, and costs as of August 22, 2011, in the amount of $471.54. Summary Judgment is DENIED as to National Credit Union Administration Board's Second Claim for Relief (Breach of the Implied Covenant of Good Faith and Fair Dealing).

DATED this ___ day of March, 2012.

_____
Lloyd D. George
United States District Judge