Joseph S. Kistler, Esq. (3458)
Cynthia G. Milanowski, Esq. (5652)
Michael S. Kelley, Esq. (10101)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
jkistler@hutchlegal.com
cmilanowski@hutchlegal.com
mkelley@hutchlegal.com
Tel:   (702) 385-2500
Fax:   (702) 385-2086

*Attorneys for Plaintiff, National Credit Union
Administration Board, in its Capacity as Liquidating
Agent of Ensign Federal Credit Union*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>v.<br><br>MARK B. MOODY, an individual; DAVID L. OSBURN, an individual DOES I-X, and ROE CORPORATIONS I-X,<br><br>    Defendants. | Case No: 2:11-cv-00769<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION** |

This matter came before the Court on Plaintiff National Credit Union Administration Board's, in its Capacity as Liquidating Agent of Ensign Federal Credit Union ("Plaintiff" or the "Liquidating Agent") Motion for Summary Judgment Re Defendant Osburn (Doc. # 15, hereinafter the "Motion"). The Motion was granted on March 29, 2012 (Doc. # 29). The Court having considered the papers submitted in support of, and in opposition to, the Motion and other relevant pleadings in this matter, now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.      This is a breach of commercial guaranty action again Defendant Mark B. Moody and David L. Osburn ("Osburn").

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

2.  Plaintiff is an independent federal agency charged with regulating federally chartered and insured credit unions. On November 3, 2009, the NCUA Board placed Ensign Federal Credit Union ("Credit Union") into involuntary liquidation pursuant to section 207(a)(1)(A) of the Federal Credit Union Act, 12 U.S.C. § 1787(a)(1)(A). The NCUA Board appointed itself as the Liquidating Agent. Pursuant to the Federal Credit Union Act, 12 U.S.C. §§ 1766(d), 1766(I), 1787(a)(2), and 1789 (a)(10), the NCUA Board is authorized to appoint agents to assist the Board in it duties as Liquidating Agent. As the Liquidating Agent, NCUA Board succeeded to all right, title, and interest of the Credit Union by operation of law in accordance with the provisions of 12 U.S.C. § 1787(b)(2)(A).

3.  On December 11, 2007, Russell Ft. Apache Holdings, LLC ("Russell Ft. Apache Holdings") and the Credit Union entered into a "Business Loan Agreement" whereby Russell Ft. Apache Holdings agreed to borrow $255,000.00 from the Credit Union.

4.  On December 11, 2007, Russell Ft. Apache Holdings executed a "Promissory Note" whereby Russell Ft. Apache Holdings agreed to repay the amount borrowed from the Credit Union per the terms of the Promissory Note.

5.  In connection with the Business Loan Agreement and Promissory Note, Osburn executed a Commercial Guaranty whereby Osburn personally guaranteed the obligations of Russell Ft. Apache Holdings as set forth in the Business Loan Agreement and the Promissory Note.

6.  A "Deed of Trust" dated December 11, 2007 securing the Business Loan Agreement and Promissory Note was recorded with the Clark County Recorder on December 14, 2007, on real property located at 5536 S. Ft. Apache Road, Las Vegas, Nevada 89148, Assessor Parcel No. 163-29-410-013, and more particular described in the Deed of Trust (the "Property").

7.  The Deed of Trust granted by Russell Ft. Apache Holdings to the Credit Union was the second deed of trust recorded against the Property.

8.  Russell Ft. Apache Holdings failed to make the required payments and defaulted on its obligations under the Promissory Note and Business Loan Agreement.

- 2 -

1   9.   Defendant Osburn failed to comply with the terms of the Commercial Guaranty
2   by failing to make payments due and owing to Plaintiff under the Business Loan Agreement
3   and Promissory Note.

4   10.   The Property was foreclosed upon by another party which held a deed of trust on
5   the Property in the first position.

6   11.   The proceeds generated from the foreclosure sale of the Property did not pay any
7   of the defaulted debt owed by Russell Ft. Apache Holdings to the Credit Union and guaranteed
8   by Osburn.

9   12.   Per the terms of the Promissory Note, upon default, the interest rate on the
10   Promissory Note – 8.250% – is increased by 2.000 percentage points to 10.250%.

11   13.   As of August 22, 2011, the principal amount due under the Promissory Note is
12   $255,000.  Accrued interest and late fees due as of August 22, 2011 is $98,528.27 for a total
13   amount due of $353,528.27.  Interest continues to accrue at the rate of $72.60 per day
14   subsequent to August 22, 2011, until the outstanding balance is paid in full.

15   14.   Pursuant to the terms of the Commercial Guaranty executed by Osburn, Osburn
16   is obligated to pay all Plaintiff's costs and expenses, including legal fees and costs, incurred by
17   Plaintiff in connection with enforcing the Commercial Guaranty.  As of August 22, 2011,
18   Plaintiff has incurred attorney's fees as of August 22, 2011 in the amount of $11,005.00, and
19   costs as of August 22, 2011 in the amount of $471.54.

20   **CONCLUSIONS OF LAW**

21   15.   This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1789.

22   19.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

23   20.   Entry of summary judgment is governed by Fed. R. Civ. P. 56.  Plaintiff has
24   satisfied the procedural requirements for summary judgment pursuant to Fed. R. Civ. P. 56.

25   21.   Summary judgment is appropriate in this matter because the pleadings, the
26   discovery and disclosure materials on file, and supporting affidavits show that there is no
27   genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law.
28   Fed. R. Civ. P. 56(a); *see Celetex  Corp. v. Catrett*, 477 U.S. 317, 300 (1986).

- 3 -

1    22.    Summary judgment is appropriate in this matter because when, viewing the

2    evidence and inferences in favor of the non-moving party, there are no issues of material fact in

3    dispute. Fed. R. Civ. P. 56; *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

4    23.    As conceded by Osburn, "[t]he underlying elements to establish the Plaintiff's

5    breach of contract claim are not disputed." Accordingly, the Court concludes that Osburn is

6    liable on Plaintiff's breach of contract claim.

7    24.    Osburn argues that, beyond the principal balance owed on the Promissory Note

8    ($255,000), he disputes the damages he owes for the breach of contract. Accordingly, the Court

9    concludes that Osburn is liable for the principal balance owed on the Promissory Note in the

10   amount of $255,000.

11   25.    Osburn disputes the interest and late fees that have accrued from the date of the

12   loan through August 22, 2011. The only evidence that he submits relevant to this issue is a

13   statement, in his declaration, asserting that "it appears to" him that the amount of accrued

14   interest is overstated by about $5,000.00. This is insufficient to raise a triable issue of fact.

15   Accordingly, the Court concludes that Osburn is liable for accrued interest and late fees of

16   $98,528.27 as of August 22, 2011. The Court further concludes that Osburn is further liable for

17   interest accruing at the rate of $72.60 per day since August 22, 2011.

18   26.    Osburn does not dispute that, pursuant to the terms of the Commercial Guaranty,

19   he is obligated to pay the Plaintiff's attorney's fees and legal expenses incurred in connection

20   with the enforcement of the guaranty. Osburn asserts, however, that Plaintiff has failed to

21   submit proof that attorney's fees and costs were incurred in the enforcement of the Commercial

22   Guaranty. The Court concludes, however, that, as of August 22, 2011, Plaintiff has incurred

23   $11,005.00 in attorney's fees and $471.54 in costs that were reasonably and necessarily

24   incurred in the prosecution of Plaintiff's claims.

25   27.    The Court concludes that Plaintiff has not met its burden of showing that it is

26   entitled to summary judgment on its claim of breach of the implied covenant of good faith and

27   fair dealing. Although Plaintiff generally sought summary judgment on its claims, its

28   memorandum in support of the motion does not address the claim for breach of the implied

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

- 4 -

1  covenant of good faith and fair dealing. Plaintiff's reply indicates that its claim for breach of
2  the implied covenant of good faith and fair dealing rests upon nothing more than Osburn's
3  breach of the contract. Breach of the implied covenant occurs when a party performs the
4  contract in a manner contrary to its intent or purpose, injuring another party's justifiable
5  expectations. *See Hilton Hotels Corp. v. Butch Lewis Prods.*, 107 Nev. 226, 233 (1991).
6  Although Plaintiff has shown that Osburn failed to perform his duty under the contract, Plaintiff
7  has not shown that he performed his duty in a manner contrary to its intent.
8  / / /
9  / / /
10  / / /
11  / / /
12  / / /
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

## DECISION

Based on the foregoing, it is the Decision of the Court that Plaintiff National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union, have Judgment against defendant David L. Osburn as follows:

In the amount of $255,000 (the principal amount due under the Promissory Note as of August 22, 2011);

Accrued interest and late fees due as of August 22, 2011 in the amount of $98,528.27;

Additional interest accruing at the rate of $72.60 per day subsequent to August 22, 2011, until the outstanding balance is paid in full;

Attorney's fees as of August 22, 2011 in the amount of $11,005.00; and

Costs as of August 22, 2011 in the amount of $471.54.

Dated this 28 day of N ov , 2012.


_____
JUDGE LLOYD D. GEORGE
United States District Judge


Respectfully submitted this 11ᵗʰ day of April, 2012 by:

HUTCHISON & STEFFEN, LLC


_____
Joseph S. Kistler (3458)
Cynthia G. Milanowki (5652)
Michael S. Kelley (10101)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff, National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union*