Joseph S. Kistler, Esq. (3458)
Cynthia G. Milanowski, Esq. (5652)
Michael S. Kelley, Esq. (10101)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
jkistler@hutchlegal.com
cmilanowski@hutchlegal.com
mkelley@hutchlegal.com
Tel:   (702) 385-2500
Fax:   (702) 385-2086

*Attorneys for Plaintiff, National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>MARK B. MOODY, an individual; DAVID L. OSBURN, an individual DOES I-X, and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No: 2:11-cv-00769<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION** |

This matter came before the Court on Plaintiff National Credit Union Administration Board's, in its Capacity as Liquidating Agent of Ensign Federal Credit Union's ("Plaintiff" or the "Liquidating Agent") Renewed Motion for Default Judgment Re Defendant Mark Moody ("Moody") filed April 16, 2012 (Doc. # 34, hereinafter the "Motion"). No opposition having been filed, the Motion was granted on November 29, 2012 (Doc. # 37). Further, the Court having considered the papers submitted in support of the Motion, and other relevant pleadings in this matter, now makes the following findings of fact and conclusions of law:

## **FINDINGS OF FACT**

1.   This is a breach of commercial guaranty action again Defendants Mark B. Moody ("Moody") and David L. Osburn ("Osburn") filed on May 12, 2011 (Doc. #1).

2. Plaintiff is an independent federal agency charged with regulating federally chartered and insured credit unions. On November 3, 2009, the NCUA Board placed Ensign Federal Credit Union ("Credit Union") into involuntary liquidation pursuant to section 207(a)(1)(A) of the Federal Credit Union Act, 12 U.S.C. § 1787(a)(1)(A). The NCUA Board appointed itself as the Liquidating Agent. Pursuant to the Federal Credit Union Act, 12 U.S.C. §§ 1766(d), 1766(I), 1787(a)(2), and 1789 (a)(10), the NCUA Board is authorized to appoint agents to assist the Board in it duties as Liquidating Agent. As the Liquidating Agent, NCUA Board succeeded to all right, title, and interest of the Credit Union by operation of law in accordance with the provisions of 12 U.S.C. § 1787(b)(2)(A).

3. On or about December 11, 2007, Russell Ft. Apache Holdings, LLC ("Russell Ft. Apache Holdings") and Ensign entered into a "Business Loan Agreement" whereby Russell Ft. Apache Holdings agreed to borrow $255,000.00 from Ensign

4. On or about December 11, 2007, Russell Ft. Apache Holdings executed a "Promissory Note" whereby Russell Ft. Apache Holdings agreed to repay the amount borrowed from Ensign per the terms of the Promissory Note.

5. In connection with the Business Loan Agreement and Promissory Note, Moody executed a Commercial Guaranty whereby Moody personally guaranteed the obligations of Russell Ft. Apache Holdings as set forth in the Business Loan Agreement and the Promissory Note.

6. For the purposes of securing payment under the Business Loan Agreement and Promissory Note, Russell Ft. Apache Holdings executed a "Deed of Trust." The Business Loan Agreement and Promissory Note were secured by certain real property located in Clark County, Nevada, Assessor Parcel No. 163-29-410-013, and more particular described in the Deed of Trust (the "Property").

7. The Deed of Trust granted by Russell Ft. Apache Holdings to Ensign was the second deed of trust recorded against the Property.

8. Russell Ft. Apache Holdings failed to make the required payments under the Promissory Note and Construction Loan Agreement.

9. Defendant Moody failed to comply with the terms of the Commercial Guaranty by failing to make payments due and owing to Plaintiff under the Business Loan Agreement and Promissory Note.

10. The Property was foreclosed upon by another party which held a deed of trust on the Property in the first position.

11. The proceeds generated from the foreclosure sale of the Property did not pay any of the defaulted debt owed by Russell Ft. Apache Holdings to Ensign and guaranteed by Moody.

12. Per the terms of the Promissory Note, upon default, the interest rate on the Promissory Note – 8.250% – is increased by 2.000 percentage points to 10.250%.

13. As of April 16, 2012, the principal amount due under the Promissory Note was $255,000. Accrued interest on the outstanding principal amount as of April 16, 2012 was $111,748.44. Interest continues to accrue at the rate of $72.60 per day since April 16, 2012. Further, late fees in the amount of $4,470.48 were due as of April 16, 2012. Moody is obligated to pay the amounts set forth in this paragraph 13.

14. Pursuant to the terms of the Commercial Guaranty executed by Moody, Moody is obligated to pay all Plaintiff's costs and expenses, including legal fees and costs, incurred by Plaintiff in connection with enforcing the Commercial Guaranty. As of April 16, 2012, Plaintiff has incurred reasonable and necessary attorney's fees in the amount of $26,147.50 and will incur additional reasonable attorney's fees in the amount of $1,250 for a total amount of reasonable and necessary attorney's fees of $27,397.50. Moody is obligated to pay the amounts set forth in this paragraph 14.

15. On August 19, 2011, the Clerk of the Court entered Default against Moody (Doc. #14) based on the fact that Moody failed to plead or otherwise defend in this action as required by the summons in this matter.

## CONCLUSIONS OF LAW

16. This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1789.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

- 3 -

1  18.  Entry of default judgment is governed by Fed. R. Civ. P. 55. Plaintiff has
2  satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55.

3  19.  The Clerk of the Court properly entered a default against Moody on August 19,
4  2011 (Doc. #14) based on the fact that Moody failed to plead or otherwise defend in this action
5  as required by the summons in this matter.

6  20.  Default judgment is appropriate in this matter because the pleadings, disclosure
7  materials on file, and supporting affidavits establish that the clerk of the Court has already
8  entered the Default against Moody in favor of Plaintiff. Further, the evidence presented to the
9  Court by Plaintiff was sufficient to determine the amount of damages; establish the truth of the
10 allegations against Moody; and investigate this matter fully to the Court's satisfaction.

11 21.  Based on the evidence before this Court, the Court concludes that Moody is
12 liable to Plaintiff as alleged in the Complaint on file in this matter.

13 22.  Based on the evidence before this Court, the Court concludes that Moody is
14 liable to Plaintiff for the principal balance owed on the Commercial Guaranty in the amount of
15 $255,000.

16 23.  Based on the evidence before this Court, the Court concludes that Moody is
17 liable to Plaintiff for the accrued interest on the outstanding principal amount as of April 16,
18 2012 in the amount of $111,748.44.

19 24.  Based on the evidence before the Court further concludes that interest continues
20 to accrue at the rate of $72.60 per day since April 16, 2012.

21 25.  Based on the evidence before the Court further concludes that Moody is liable to
22 Plaintiff for late fees in the amount of $4,470.48 due as of April 16, 2012.

23 26.  Based on the evidence before this Court, the Court concludes that Plaintiff has
24 incurred reasonable and necessary attorney's fees in the amount of $26,147.50 and will incur
25 additional reasonable attorney's fees in the amount of $1,250 for a total amount of reasonable
26 and necessary attorney's fees of $27,397.50. The Court further concludes that pursuant to the
27 terms of the Commercial Guaranty, Moody is obligated to pay the Plaintiff's attorney's fees and
28

legal expenses incurred in connection with the enforcement of the Commercial Guaranty as set forth in this paragraph 26.

### DECISION

Based on the foregoing, it is the Decision of the Court that Plaintiff National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union, have Judgment against defendant Moody as follows:

In the amount of $255,000 (the principal amount due under the Promissory Note as of April 16, 2012);

Accrued interest on the outstanding principal amount as of April 16, 2012 in the amount of is $111,748.44;

Additional interest accruing at the rate of $72.60 per day since April 16, 2012, until the outstanding balance is paid in full;

Late fees in the amount of $4,470.48 as of April 16, 2012; and

Attorney's fees in the amount of $27,397.50.

Dated this __6__ day of December, 2012.

_____
JUDGE LLOYD D. GEORGE
United States District Judge

Respectfully submitted this 5th day of December, 2012 by:

HUTCHISON & STEFFEN, LLC

_____
Joseph S. Kistler (3458)
Cynthia G. Milanowki (5652)
Michael S. Kelley (10101)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff, National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union*